UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Continental Casualty Company, | No. 2:19-cv-01975-KJM-CKD |
| Plaintiff, | ORDER |
| v. | |
| Lethesia Guzman et al., | |
| Defendants. | |

In this insurance coverage dispute, Continental Casualty Company (CCC) seeks declaratory judgment under 28 U.S.C. §§ 2201 and 2202 that its auto liability policy for Sprint, now known as T-Mobile, does not cover third-party claims against defendant Lethesia Guzman. David Miranda, a Sprint employee, asked Ms. Guzman, who is his partner, to drive his company car on the day of a fatal accident, which is at the center of the third-party claims against her. Whether these claims fall within the scope of coverage depends on whether Sprint, through Mr. Miranda, permitted Ms. Guzman to use the car at the time of the accident under its policy and California law. *See* Cal. Ins. Code § 11580.1(b)(4); *Sandoval v. Mercury Ins. Grp.*, 229 Cal. App. 3d 1, 6–12 (1991). CCC argues Sprint did not grant permission and moves for summary judgment. **The motion is denied.** As explained in this order, the court cannot on the present record determine as a matter of law that Ms. Guzman's use was not permissive.

/////

1

1    A court may grant summary judgment only if "no genuine dispute as to any material fact"
2    remains unresolved and "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.
3    56(a). The "threshold inquiry" is whether "there are any genuine factual issues that properly can
4    be resolved only by a finder of fact because they may reasonably be resolved in favor of either
5    party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

6    CCC argues first that Ms. Guzman was not permitted to drive the car because Mr.
7    Miranda agreed "Company vehicles may not be lent to anyone unless there is a valid Sprint
8    business purpose and the driver to whom the vehicle is lent has signed" a certain agreement,
9    among other conditions. *See* Mem. at 2, ECF No. 33-1. The parties dispute whether CCC could
10   prove at trial that Mr. Miranda actually agreed to these terms, *see, e.g.*, Guzman Opp'n at 7–10,
11   ECF No. 35, but it is not necessary to resolve that dispute now. Even if Mr. Miranda had so
12   agreed, CCC has not shown beyond dispute that Mr. Miranda "lent" the car to Ms. Guzman on
13   the night of the accident. It is undisputed Ms. Guzman did not borrow the car. Undisputed Fact
14   (UDF) No. 5, ECF No. 44. Mr. Miranda asked her to drive while he rode in the passenger seat.
15   *Id*. No. 50. If Sprint had intended for only Mr. Miranda to drive the car, then it could have
16   expressly required him to agree, for example, that only he as an employee could "use" or "drive"
17   or "operate" any company car, following the approach of the car owner in *Baker v. Liberty*
18   *Mutual Insurance Co.*, 143 F.3d 1260, 1262, 1265 (9th Cir. 1998) (reviewing restrictions in car
19   rental agreement; also reviewing history of Insurance Code and importance of "owner's
20   expectations" recognized through amendments to code). *See also Sandoval*, 229 Cal. App. 3d at
21   9, 12 (noting "statute underscores the importance of the owner's expectations by limiting
22   coverage to cases where use is 'within the scope of [the owner's] permission'" (brackets in
23   original)).

24   Nor has CCC proven beyond dispute that in practice, Sprint expected only its employees
25   would drive its cars, such that Ms. Guzman's use was not "permissive" under California law. In
26   California, automobile liability insurance policies must cover permissive users of insured vehicles
27   "to the same extent that insurance is afforded to the named insured." Cal. Ins. Code
28   § 11580.1(b)(4). A "permissive user" is any person who uses an insured vehicle with the express

or implied permission of the named insured, provided the use is within the scope of the permission. *See id*. "[P]ermission is implied where the circumstances permit a finding the third party's use was or should have been within the contemplation of the owner." *Sandoval*, 229 Cal. App. 3d at 9. Implied permission is a question of fact that "may be established from direct evidence, pertinent surrounding circumstances, and proper inferences to be drawn therefrom." *U.S. Fire Ins. Co. v. Williamsburg Nat. Ins. Co.*, No. 07-00718, 2008 WL 5054107, at *4 (E.D. Cal. Nov. 19, 2008) (citing *Nw. Sec. Ins. Co. v. Monarch Ins. Co. of Ohio,* 256 Cal. App. 2d 63, 65 (1967)).

Ms. Guzman and the other defendants have cited evidence that, if credible and not excluded, could show Sprint contemplated—or at least should have contemplated—that people other than its employees would drive its cars. For example, Mr. Miranda's managers would testify that the car was for his personal use, that supervisors did not tell other employees or Mr. Miranda about driver restrictions, and that employees understood there were "no limitations" on permitted personal use, including that others could drive in emergencies. *See, e.g.,* Calimlim Dep. at 6:9–25, 8:16–23, 10:1–17, 11:22–12:1, 13:16–20, 14:17–23, 15:13–16, 16:16–22, 17:15–22, ECF No. 38-1; Price Dep. at 8:14–17, 9:14–10:8, 11:8–10, 13:22–14:3, 15:10–16:13, 18:15–19, 19:10–21, 20:4–9, 21:6–18. California courts have relied on similar evidence to conclude that certain uses were permissive. *See, e.g.*, *Baker*, 143 F.3d at 1263–64 (under California law, use might be permissive in practice despite contrary contract terms (citing *Financial Indemnity Co. v. Hertz Corp.*, 226 Cal. App. 2d 689 (1964))); *Taylor v. Roseville Toyota, Inc.*, 138 Cal. App. 4th 994, 1001–04 (2006) (Cantil-Sakauye, J.) (summarizing factors that can prove permissive use, including "custom and practice" and "failure to monitor or supervise"); *cf. Sandoval*, 229 Cal. App. 3d at 9, 12 (where undisputed that landscape business owner did not expect employee to drive truck, owner cannot show employee drove with "implied permission").

Moreover, this court must consider CCC's motion against the backdrop of California's preference for coverage in auto insurance coverage disputes. The California Supreme Court has "uniformly held that 'the entire automobile financial responsibility law must be liberally construed to foster its main objective of giving monetary protection to that ever changing and

tragically large group of persons who while lawfully using the highways themselves suffer grave injury through the negligent use of those highways by others.'" *Sandoval*, 229 Cal. App. 3d at 7 (quoting *Metz v. Universal Underwriters Ins. Co.*, 10 Cal. 3d 45, 53 (1973)).  When, as here, a question of coverage is raised on summary judgment, this court has discretion and authority to exercise "caution" and "deny summary judgment" if "there is reason to believe the better course would be to proceed to a full trial."  *Anderson*, 477 U.S. at 255; *Gen. Signal Corp. v. MCI Telecommunications Corp.*, 66 F.3d 1500, 1507 (9th Cir. 1995) (citation omitted).

   Here, the case should proceed to trial given the disputed factual matters related to the proper interpretation of CCC's policy and whether Ms. Guzman's driving Sprint's company car was a permissive use.  The motion for summary judgment is **denied**.  A final pretrial conference is set for **January 31, 2022.**  The parties shall meet and confer and file a joint pretrial statement no less than 14 days prior to the final pretrial conference.

   The provisions of Local Rule 281 shall apply with respect to the matters to be included in the joint pretrial statement.  At least one of the attorneys who will conduct the trial for each of the parties shall attend the final pretrial conference.  All motions *in limine* must be filed in conjunction with the joint pretrial statement.  In most cases, motions *in limine* are addressed and resolved on the morning of the first day of trial.  The parties may alert the court at the final pretrial conference and in their final joint pretrial statement that a particular motion or motions should be resolved earlier.  At the final pretrial conference, the court will set a briefing and hearing schedule on the motions *in limine* as necessary.  The parties are reminded that a motion *in limine* is a pretrial procedural device designed to address the admissibility of evidence.  The court looks with disfavor upon dispositional motions presented at the final pretrial conference or at trial in the guise of motions *in limine*.

   This order resolves ECF No. 33.

   IT IS SO ORDERED.

DATED:  December 21, 2021.

CHIEF UNITED STATES DISTRICT JUDGE