UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Continental Casualty Company, | No. 2:19-cv-01975-KJM-CKD |
| Plaintiff, | ORDER |
| v. | |
| Lethesia Guzman, et al., | |
| Defendants. | |

This matter is before the court on the parties' joint stipulation to stay, pending resolution of underlying actions in state court. *See generally* Mem. of Points and Authorities In Support of Mot. to Stay (MPA ISO MTS), ECF No. 50-1. The parties also request the matter be referred to private mediation, "preferably as part of a global mediation with the underlying [state court] actions." *Id.* at 5. For the reasons below, the court **grants the motion to stay** and **refers the case to the Voluntary Dispute Resolution Program (VDRP)**.

I.  BACKGROUND

A detailed history of this case is set out in the court's December 27, 2021 amended order denying plaintiff's motion for summary judgment. *See generally* Previous Am. Order (Dec. 27, 2021), ECF No. 47. The court thus offers only a brief summary here.

In this insurance coverage dispute, Continental Casualty Company (CCC) seeks declaratory judgment under 28 U.S.C. §§ 2201 and 2202 that its auto liability policy for Sprint,

1

1  now known as T-Mobile, does not cover third-party claims against defendant Lethesia Guzman.
2  David Miranda, a Sprint employee, asked Ms. Guzman, who is his partner, to drive his company
3  car on the day of a fatal accident, which is at the center of the third-party claims against her.  This
4  court determined that whether these claims fall within the scope of coverage depends on whether
5  Sprint, through Mr. Miranda, permitted Ms. Guzman to use the car at the time of the accident
6  under its policy and California law.  *See id.* at 1 (citing Cal. Ins. Code § 11580.1(b)(4); *Sandoval*
7  *v. Mercury Ins. Grp.*, 229 Cal. App. 25 3d 1, 6–12 (1991)).[1]  The accident resulted in multiple
8  lawsuits filed in Sacramento Superior Court (Underlying Actions), all of which remain pending
9  with no trial date.  MPA ISO MTS at 6.  The plaintiffs in those lawsuits contend Ms. Guzman
10 acted recklessly and may have been under the influence of alcohol at the time of the accident.  *Id.*
11 Ms. Guzman denies any wrongdoing.  *Id.*

## II.    DISCUSSION

A federal district court "possesses the inherent power to control its own docket and calendar" and has discretion in deciding whether to issue a stay.  *Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983).  "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."  *Leyva v. Certified Grocers of Cal.*, Ltd., 593 F.2d 857, 863 (9th Cir.1979).  This rule "does not require that the issues in such proceedings are necessarily controlling of the action before the court."  *Id.* at 863–64.  Nonetheless, "[w]here it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed."  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir.1962).  "Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  *Id.*

---

[1] When citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system.

Courts also "possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id*. at 288.

The parties request a stay of the case, arguing the trial in this action will necessarily address CCC's duty to indemnify, which will only ripen if and when Ms. Guzman's liability is established. MPA ISO MTS at 8–10. Furthermore, because a trial in this insurance coverage action will place at issue the circumstances of the night of the accident, the evidentiary factual determinations at a trial in this court would overlap with trial of the Underlying Actions. *Id.* at 10. Finally, the parties argue Ms. Guzman would be prejudiced by the need to "fight a two-front war, doing battle with the plaintiffs in the third-party litigation while at the same time devoting [] resources to litigating coverage issues with its carriers." *Id.* at 13 (quoting *Great American Ins. Co. v. Superior Court*, 178 Cal. App. 4th 221, 236 (2009) (citations omitted)). The court finds these arguments persuasive and further notes there are no "competing interests" which will be harmed by the granting of a stay, as both parties have stipulated to this request. *See CMAX, Inc.*, 300 F.2d at 268.

### III. CONCLUSION

For the reasons above, the court **grants the parties' joint motion to stay pending resolution of the Underlying Actions**.

This order resolves ECF No. 50.

This case is referred to the VDRP administrator for assignment to a neutral third-party mediator from the court's panel who is able to accommodate the parties' request for a global mediation.

IT IS SO ORDERED.

DATED: April 25, 2022.

CHIEF UNITED STATES DISTRICT JUDGE